

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 2 4 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK DUVALL | § | |
| **_Plaintiff,_** | § | |
| | § | |
| vs. | § | NO. _____ |
| | § | |
| DALLAS COUNTY, TEXAS | § | **3 - 0 7 C V 0 9 2 9 - L** |
| **_Defendant._** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Mark Duvall, Plaintiff, complaining of DALLAS COUNTY ("Dallas County"), and with this Complaint allege as follows:

### I.
### NATURE AND PURPOSE OF THE ACTION

Mark Duvall was incarcerated in the Dallas County Jail on or about December 12, 2003. At the time of his incarceration, Mr. Duvall had sores on his feet. Plaintiff alleges that the Defendant had a duty, but failed, to implement policies, practices and procedures that respected Duvalls' constitutional rights to medical treatment.

Plaintiff seeks damages to compensate Plaintiff for his damages. Plaintiff brings this action under 42 U.S.C. § § 1983 and 1988; the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; and other constitutional provisions and laws of the State of Texas and the United States, to recover damages for the deliberate indifference to Mark Duvall's medical needs and/or failure to protect Mark Duvall while he was incarcerated in the Dallas County Jail, and for the deprivation of his rights under color of law and in violation of federal law and the law of the State of Texas.

PLAINTIFF'S ORIGINAL COMPLAINT                                                     Page 1
M:\CAS\80000\5031\Pleadings\Plaintif's 2nd Orginial Complaint..wpd

## II.
## JURISDICTION AND VENUE

This court has original jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1343 since Plaintiff is suing for relief under 42 U.S.C. §1983.

Venue is appropriate in the United States District Court; Northern District of Texas, Dallas Division, since Dallas County was the location of the events made the basis of this cause of action.

## III.
## PARTIES

Plaintiff, MARK DUVALL, resides in Dallas, Dallas County, Texas.

Defendant, DALLAS COUNTY, TEXAS, is a county of the State of Texas. Dallas County funds and operates the Dallas County Jail. Defendant Dallas County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant Dallas County is also responsible for ensuring that all of its facilities, including the Dallas County Jail, are, in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care. Dallas County may be served by serving its County Judge, Margaret Keliher, Dallas County Administration Building, 411 Elm,. 2nd Floor, Dallas, Texas 75202.

## IV.
## STATE ACTION

Defendant was at all times and in all matters herein material acting under color of state law when they subjected Duvall to the wrongs and injuries hereinafter set forth.

## V.
## BACKGROUND FACTS

For many years, the Dallas County Jail has failed to provide appropriate medical services to prisoners in the jail, including failing to provide infection control. The jail, and

those responsible for medical services at the jail, failed to ensure that patients were promptly evaluated and treated and failed to take measures to provide infection control.

These failures were a matter of public record through incidents publicized in local print and broadcast media, through investigations by Dallas County and other governmental entities, and through lawsuits initiated against these Defendants and others alleging failures to meet constitutionally required levels of medical services.[1] On or about October 29, 2002, Defendants Dallas County and Dallas County Hospital District entered into a written agreement with University of Texas Medical Branch - Galveston ("UTMB") pursuant to which UTMB agreed to provide certain mental health and medical services to persons incarcerated in the Dallas County Jail (the "UTMB Contract"). The agreement was to become effective on January 1, 2003; however, there were delays in the complete implementation of the UTMB Contract.

Prior to the UTMB Contract, primary health care and required hospital services to detainees at the Dallas County Jail had been provided by Dallas County and Dallas County Hospital District.

Under the terms of the UTMB Contract, certain "covered services" were to be provided by UTMB. These covered services included the disbursement and delivery of pharmacy medications. UTMB agreed to provide all services under the UTMB contract for the flat fee price of Five Dollars and Forty-Nine Cents ($5.49) per Inmate, per day.

---

[1] For example, *Alejo, et al. vs. Dallas County, et al.,* Civil Action No. 3:03-CV-1612-N, was filed on November 14, 2002 and is pending in this District. *Mims, et al. vs. Dallas County, et al.,* Civil Action No. 3:04-CV-2754-M was filed on December 30, 2004 and is pending in this District.

It was expressly agreed in the UTMB Contract that UTMB would provide such services for such rate "with no chance of variation regardless of profit or loss of any party." Under the terms of the agreement, UTMB provides quarterly invoices for their services to the Hospital District.

From the beginning of the UTMB contract implementation in January 2003, difficulties with providing medical services to inmates arose. These difficulties were well known to Defendant Dallas County. During calendar year 2003, upon information and belief, no infection control program existed at the jail, management of methicillin-resistant staph aureus was virtually non-existent and hygiene in the jail was abysmal. Upon information and belief, the wholly inadequate or non-existent infection control program at the Dallas County jail existed as a result of Dallas County's general conditions practices, rules or restrictions of pretrial confinement. This failure to provide infection control was pervasive and/or intended.

On many occasions, even though prisoners obviously presented signs of medical distress and infectious disease, the Defendant ignored those signs, and failed to provide appropriate medical care for the prisoners.

From 2002 through 2004, Advocacy Incorporated ("AI" hereinafter), as the designated Protection and Advocacy agency for the State of Texas, investigated more than twenty cases involving the failure of the jail to provide appropriate medical and mental health treatment. Plaintiff believes there were many more such cases that did not come to AI's attention.

The poor practices and indifference exhibited by the Defendant as outlined above resulted in severe physical and mental injuries of Duvall.

## VI.
## FACTS PARTICULAR TO PLAINTIFF'S CLAIM

Mark Duvall is a 28 year old male who was incarcerated in the Dallas County Jail on December 12, 2003. Shortly thereafter, Mr. Duvall began experiencing cold sweats, fever, his legs and feet began to swell, and he began vomiting uncontrollably . He was ultimately bedridden for seven days. Duvall requested medical treatment on several occasions only to be refused. On December 26, 2003, Mr. Duvall was released on bail where he immediately sought medical attention. By this time, Duval not only was still experiencing a high fever and uncontrollable vomiting, he had also lost sight in one eye, his arms had curled up and was also dragging one leg which he was unable to move since it had swelled twice its normal size. At the emergency room at Medical City Dallas, the doctors diagnosed him with pneumonia and released him. The next day Mr. Duvall was still experiencing a high fever and uncontrollable vomiting so he made his way to Parkland Hospital's emergency room. After waiting twelve hours and not seeing a doctor, Mr. Duvall left Parkland Hospital. Finally, Mr. Duvall was able to arrive at Lake Pointe Medical Center's emergency room. While filling out the hospital paperwork, Mr. Duvall collapsed was rushed to ICU where he spent the next 30 days in an isolated "clean room". Mr. Duvall underwent surgery on his legs where a gallon of fluid was drained from his right leg and two and half quarts of fluid was drained from his left leg. He is now permanently blind from contracting MRSA while incarcerated at the Dallas County Jail.

Mark Duvall was incarcerated in the Dallas County Jail from December 11, 2003 to December 26, 2003. Mr. Duvall became ill during the first week of his arrest and contracted methicillin resistant Staphylococcus aureus (MRSA) during this incarceration.

Mark Duvall was not diagnosed with MRSA until after December 30, 2003 - days after his release from jail. Mark Duvall developed a severe systemic infection and endocarditis as a result of the MRSA infection. He was hospitalized until January 19, 2004 and readmitted several days later due to the MRSA infection. Mr. Duvall was fighting for his life during the December 30, 2003 hospitalization, was initially admitted to ICU, underwent multiple surgeries and required pain medication for much of the hospital stay. As such, he was effectively unable to meet the 30 day grievance deadline of the Dallas County Jail, and, in fact, did not meet that deadline. However, since that time Mr. Duvall has filed a letter for inmate grievance and has now exhausted all administrative remedies.

## VII.
## CAUSES OF ACTION

Plaintiffs re-allege paragraphs V and VI, inclusive, with regard to all causes of action.

### A.
### CLAIMS UNDER 42 U.S.C. §1983 AND THE 4TH, 8TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AS TO ALL DEFENDANTS

The Defendant acting under color of law and acting pursuant to customs and policies of Dallas County deprived Duvall of rights and privileges secured to him by the Fourth, Eighth, and Fourteenth amendments to the United States Constitution and by other laws of the United States, by failing to provide proper medical treatment, by failing to protect him and through indifference to his medical needs, in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the cited constitutional provisions.

On information and belief, Defendants, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Duvall, and all other detainees in the Dallas County Jail, failed to implement the

policies, procedures; and practices necessary to provide constitutionally adequate medical services to Duvall during his incarceration in the Dallas County Jail and implemented policies, procedures, and practices which actually interfered with or prevented Duvall from receiving medical services and medication. Furthermore, the conditions complained of were not reasonably related to any legitimate governmental objective.

These actions by the Defendant subjected Duvall to confinement with constitutionally inadequate medical services, and medication care, such as:

a.     medical records that are accurate, complete, and transmitted to the proper medical professionals in the Dallas County Jail;

b.     confinement conditions that ensure safe, humane and decent conditions; and

c.     failing to enact infection control measures.

These actions by the Defendant further violated the rights of Duvall through the Defendant's policies such as:

a.     the failure to monitor the confinement of inmates to ensure that they were receiving appropriate medical services and medication.

The Defendant, as applicable, intentionally, and with deliberate indifference, deprived Duvall of his clearly established federal constitutional rights, including, but not limited to:

a.     his right to reasonably safe conditions of confinement;

b.     his right to receive proper medical services and medications for any serious medical conditions; and

c.     his right to be free from cruel and unusual punishment.

Defendant, through these actions, proximately caused the deprivation of Duvall's rights to due process of law and rights to be free from cruel or unusual punishment subjecting him to periods of incarceration under unduly painful, horrifying, and dangerous



conditions resulting in the injuries of Duvall.  The actions of this Defendant was singularly, or in combination, a legal cause of injuries to Duvall.

## VIII.
## REQUESTED RELIEF

Plaintiff re-alleges paragraphs V and VI, inclusive, with regard to all requests for relief.

## A.
## RELIEF REQUESTED BY PLAINTIFFS

Plaintiff is entitled to recover and hereby requests the award of the following damages within the jurisdictional limits of this court for his injuries:

a.    physical and mental pain and suffering in the past and in the future;

b.    reasonable past and future medical expenses;

c.    past and future wage loss and loss of earning capacity;

d.    past and future mental anguish;

e.    past and future physical disability;

f.    past and future physical disfigurement; and

g.    loss of sight in one eye.

Plaintiff is also entitled to recover and hereby requests the award of exemplary damages, reasonable attorneys' fees and costs of court.

Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required.

## X.
## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                            Page 8
M:\CAS\80000\5031\Pleadings\Plaintiff's 2nd Orginial Complaint..wpd

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that defendants be cited

to appear and answer herein and that, upon final hearing, Plaintiff has the following relief:

a.   recovery of damages consistent with the allegations of this complaint;

b.   recovery of reasonable attorney's fees for the preparation and trial of this
     cause of action, and for its appeal, if required;

c.   recovery of costs herein expended;

d.   prejudgment interest and post-judgment interest as permitted by law; and

e.   such other and further relief to which plaintiff may be entitled at law or in
     equity.

Respectfully submitted,

THE COCHRAN FIRM - DALLAS, L.L.P.

**EDWARD H. MOORE**
State Bar No. 14328800
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
(214) 651-4260 Telephone
(214) 651-4261 Facsimile

ATTORNEY FOR PLAINTIFF

JS 44 (P

**CIVIL COVER SHEET**

ORIGINAL

The ... and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as prov... ...s of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of i... ...civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| MARK DUVALL | DALLAS COUNTY, TEXAS |

**3-07CV0929-L**

**(b)** County of Residence of First Listed Plaintiff _____ Dallas

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____ Dallas

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**MAY 2 4 2007**

DISTRICT COURT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward H. Moore, The Cochran Firm-Dallas, 3811 Turtle Creek Blvd.
Suite 1400, Dallas, Texas 75219

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff

NORTHERN DISTRICT OF TEXAS and One Box for Defendant)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**) 42 USC 1983 &

**VI. CAUSE OF ACTION**  Brief description of cause:  This case arises from an inmate contracting MRSA while incarcerated at the Dallas County Jail. 1988

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED**  (See instructions):

JUDGE  Jane J. Boyle

DOCKET NUMBER  3:05-CV-02431-B

DATE

May 17, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____