IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARK DUVALL**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:07-CV-0929-L** |
| § | |
| **DALLAS COUNTY, TEXAS,** § | |
| § | |
| Defendant. § | |

## **JUDGMENT**

The court issues this judgment pursuant to the jury's verdict of April 16, 2009, memorandum opinion and order dated October 10, 2008, order dated December 16, 2008, and joint pretrial order dated April 13, 2009. This action was tried before the court and a jury between April 13 and 16, 2009. On April 16, 2009, the jury returned a verdict in favor of Plaintiff Mark Duvall ("Plaintiff"). The parties stipulated that "no legitimate governmental purpose was served by the allowance of the [Methicillin-resistant Staphylococcus aureus ("MRSA")] infection to be present in the Dallas County Jail between December 11-26, 2003." The jury found that Plaintiff proved: that the presence of MRSA in the Dallas County Jail between December 11 and December 26, 2003, caused the MRSA infection that Plaintiff suffered; and that the presence of MRSA in the Dallas County Jail between December 11 and December 26, 2003, was caused by a policy or custom of Defendant Dallas County, Texas ("Defendant"). The jury awarded Plaintiff the following damages: $40,000 for physical pain and suffering in the past; $30,000 for mental anguish and emotional pain and suffering sustained in the past; $75,000 for physical impairment sustained in the past; $75,000 for physical impairment that, in reasonable probability, will be sustained in the future; $100,000 for

**Judgment – Page 1**

medical care and rehabilitation services sustained in the past; $20,000 for loss of capacity for enjoyment of life sustained in the past; and $15,000 for loss of capacity for enjoyment of life that, in reasonable probability, will be sustained in the future, for a total award of $355,000.

It is therefore **ordered**, **adjudged**, and **decreed** that Plaintiff recover the amount of $355,000 from Defendant; that postjudgment interest at the applicable federal rate shall accrue on the $355,000 from the date of entry of this judgment until it is paid in full; that all allowable and reasonable costs are taxed against Defendant; and that all relief, except for attorney's fees, not granted herein is denied.[*]

**Signed** this 21st day of April, 2009.

Sam A. Lindsay
United States District Judge

---

[*]As the prevailing party, Plaintiff must file his application for attorney's fees in accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure.

**Judgment – Page 2**